# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JERRY P. MCNEIL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 09-2376 (ESH) |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff, Jerry P. McNeil, has two cases pending before this Court, both arising out of the Internal Revenue Service's attempts to collect unpaid taxes and penalties by imposing tax levies against plaintiff's federal retirement annuity. Before the Court is the United States'[1] motion to dismiss the complaint in the above-captioned matter for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and plaintiff's motion to strike or quash defendant's motion. For the reasons stated herein, defendant's motion will be granted and plaintiff's motion will be denied.[2]

---

[1] The proper defendant in a § 7429 suit is the United States, not the Commisioner of Internal Revenue. *See* 26 U.S.C. §7429(b)(1) (granting jurisdiction for proceedings "against the United States").

[2] Plaintiff's other pending case was filed against three employees of the Office of Personnel Management ("OPM"), alleging that they committed embezzlement and are individually liable to the plaintiff for the money paid by OPM to the IRS. *See* Complaint, *McNeil v. Whipple*, Civil Action No. 09-2154 (filed Nov. 12, 2009). Plaintiff has not yet properly served the defendants in that case.

**BACKGROUND**

Plaintiff retired under the Civil Service Retirement System ("CSRS") on February 2, 1987, and since then he has received retirement benefits in the form of payments from his Civil Service Annuity. (Compl. ¶ 7); *see also McNeil v. United States*, 78 Fed. Cl. 211, 213 (Fed. Claims Ct. 2007), *aff'd*, 293 Fed. Appx. 758 (C.A. Fed. 2008).[3] The Office of Personnel Management ("OPM") is responsible for making these payments to the plaintiff. *Id*.

On November 27, 2009, the IRS sent a letter to plaintiff. (Compl., Ex. 1.) According to that letter, the IRS mailed plaintiff a "final notice of intent to levy" on November 19, 2009, based on taxes, penalties and interest plaintiff owed for tax years 2004-2006. (*Id*., Ex. 1.) The letter also informed plaintiff that he had "thirty days from the date on the notice to appeal it" through the IRS's administrative appeal procedure. (*Id*., Ex. 1.)

On December 15, 2009, plaintiff, proceeding *pro se*, filed suit against the Commissioner of Internal Revenue challenging this levy. The complaint alleges that the "Commissioner of Internal Revenue, acting through his agents, employed by the Federal Reserve Bank of Philadelphia, has provided [plaintiff] with good and sufficient notice of the Commissioner's intent to seize private property" – his federal retirement annuity – and "to do so without due process of law" (*Id.* ¶¶ 2-3) because he "is not in receipt of the notice . . . required under express terms of 26 U.S.C. § 7429 requiring signature of the Chief Counsel or his delegate." (*Id.* ¶ 5.) Plaintiff, therefore, asks the Court to "enjoin[] the Internal Revenue Service, and its Fiscal

---

[3]Although plaintiff's pending complaint lacks a clear statement of the underlying facts, the Court takes judicial notice of decisions in cases filed by the plaintiff in other jurisdictions as needed to clarify plaintiff's claims. *See McNeil v. Doe*, 2006 WL 2054082 (N.D. Okla. 2006); *see McNeil v. United States*, 78 Fed. Cl. 211, 213 (Fed. Cl. 2007).

2

Agents in the Federal Reserve Bank" from imposing or executing any tax levies against his federal retirement annuity due to the IRS's alleged failure to provide notice as required by 26 U.S.C. § 7429. (*Id.* ¶¶ 7-10.) He alleges that this Court has jurisdiction over his complaint "under the [s]tatutory authority of 26 U.S.C. § 7429(b)(2)(A) granting the District Courts of the United States exclusive jurisdiction to determine the Commissioner's authority to levy property under § 6331." (*Id.* ¶ 6.)[4]

Defendant has moved to dismiss for lack of subject matter jurisdiction. (United States' Mot. to Dismiss, Mar. 2, 2010 [dkt. #5]). Plaintiff's only response to defendant's motion was a motion to quash or strike [dkt. #7], which the Court will treat as plaintiff's opposition to defendant's motion. (Mot. to Strike or Quash Def.'s Mot. to Dismiss, Mar. 17, 2010.)

## DISCUSSION

### I.  Statutory Framework

Section 6331(a) of the Internal Revenue Code provides, in relevant part:

---

[4]Plaintiff has a long history of not paying federal taxes and/or civil penalties, resulting in the IRS issuing levies against plaintiff's property. For example, in September 2004, the IRS served a Notice of Levy against plaintiff's federal credit union account to collect unpaid civil penalties for tax years 1999-2001. *See McNeil v. Doe*, 2006 WL 2054082, No. 05-CV-0579 (N.D. Okla. July 21, 2006). Plaintiff filed a complaint challenging the levy in federal district court in Oklahoma, but the case was dismissed for lack of subject matter jurisdiction due to plaintiff's failure to follow prescribed administrative procedures prior to filing his claim in federal district court. *Id.* at *1-*2. In July 2006, the IRS served a Notice of Levy on the OPM against plaintiff's retirement annuity to collect unpaid taxes for tax years 2002 and 2003 and civil penalties for tax years 1999-2003. *McNeil v. United States*, 78 Fed. Cl. at 214. Plaintiff filed a complaint in the Court of Federal Claims challenging the levy on multiple grounds, but that case was also dismissed for lack of subject matter jurisdiction. In concluding that there was no subject matter jurisdiction, the court rejected a number of plaintiff's argument as meritless. *McNeil v. United States*, 78 Fed. Cl. 211 (Fed. Cl. 2007). Plaintiff's other case now pending before the Court, *McNeil v. Whipple*, Civil Action No. 09-2154, is also based on the July 2006 levy.

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property . . . belonging to such person . . . . Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

26 U.S.C. § 6331(a). Section 6331(d) provides:

> (d) Requirement of notice before levy.--
>
>> (1) In general.--Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
>>
>> (2) 30-day requirement.--The notice required under paragraph (1) shall be--
>>
>>> (A) given in person,
>>>
>>> (B) left at the dwelling or usual place of business of such person, or
>>>
>>> (C) sent by certified or registered mail to such person's last known address, no less than 30 days before the day of the levy.
>>
>> (3) Jeopardy.--Paragraph (1) shall not apply to a levy if the Secretary has made a finding under the last sentence of subsection (a) that the collection of tax is in jeopardy.

26 U.S.C. § 6331(d).

Section 7429 of the Internal Revenue Code is entitled "Review of jeopardy levy or assessment procedures." 26 U.S.C. § 7429. It provides for both "administrative review" and

"judicial review" of a "jeopardy levy" as follows:

**(a) Administrative review.**

(1) Administrative review.

(A) Prior approval required. . . . [N]o levy may be made under section 6331(a) less than 30 days after notice and demand for payment is made, unless the Chief Counsel for the Internal Revenue Service (or such Counsel's delegate) personally approves (in writing) such . . . levy.

(B) Information to taxpayer.--Within 5 days after the day on which such . . . levy is made, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relied in making such . . . levy.

(2) Request for review.--Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

(3) Redetermination by Secretary.--After a request for review is made under paragraph (2), the Secretary shall determine--

. . .

(B) whether or not the levy described in subsection (a)(1) is reasonable under the circumstances.

**(b) Judicial review.--**

(1) Proceedings permitted.--Within 90 days after the earlier of--

(A) the day the Secretary notifies the taxpayer of the Secretary's determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made,

the taxpayer may bring a civil action against the United States for a determination under this subsection in the court with jurisdiction

>  determined under paragraph (2).
>
>  (2) Jurisdiction for determination.--
>
>>  (A) In general.--Except as provided in subparagraph (B), the district courts of the United States shall have exclusive jurisdiction over any civil action for a determination under this subsection.
>
>  . . . .

26 U.S.C. § 7429.[5]

## II.  The Court Does Not Have Subject Matter Jurisdiction

Plaintiff's complaint asserts that this Court has jurisdiction under 26 U.S.C. § 7429(b)(2)(A).  Defendant moved to dismiss for lack of subject matter jurisdiction on the ground that § 7429 only grants federal district courts jurisdiction to review a levy made less than 30 days before notice and demand for payment and the complaint does not allege such a levy.  As plaintiff is proceeding *pro se*, his complaint "however inartfully pleaded" is held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, even the most liberal reading of plaintiff's complaint (and his opposition to defendant's motion to dismiss) does not establish jurisdiction under § 7429.  Plaintiff's complaint alleges that the defendant failed to comply with the "signature" requirements in § 7429(a)(1)(A). (Compl. ¶ 5.)  Nowhere, however, does it allege that the IRS levied against his federal retirement annuity less than 30 days after the notice and demand for payment was made.  Accordingly, the Court does not have jurisdiction under § 7429(b)(2).  *Cf. Bennett-Bey v. Shulman*, 2010 WL 711866, Civil Action No. 09-0963 (D.D.C. Mar. 3, 2010) (no jurisdiction

---

[5]Subparagraph B provides for Tax Court jurisdiction of a petition for redetermination of a deficiency under § 6213(a).  26 U.S.C. § 7249(b)(2)(B).

under § 7429 where complaint fails to allege a levy made under § 6331(a) less than 30 days after a notice and demand).

Indeed, plaintiff's opposition to defendant's motion to dismiss appears to concede that § 7429 is not a proper basis for jurisdiction, but asserts that the Court has "federal common-law jurisdiction" because defendant's levy violates his rights under the Fourth and Fifth Amendments to the Constitution. Plaintiff's argument fails. "'Federal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver.'" *Stephens v. United States*, 514 F. Supp. 2d 70, 72 (D.D.C. 2007) (quoting *Buaiz v. United States*, 471 F. Supp. 2d 129, 134 (D.D.C. 2007)). Moreover, under the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). As that is precisely the relief plaintiff seeks, absent some other statutory basis for jurisdiction, his suit cannot be maintained. *Cf. Pollinger v. United States*, 539 F. Supp. 2d 242, 254-55 (D.D.C. 2008) (no jurisdiction over plaintiff's complaint seeking injunctive relief barring collection of taxes via federal tax lien despite "creative" attempt to characterize suit as not based on the assessment or collection of taxes but rather limited to challenging procedural validity of assessement").

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss for lack of subject matter jurisdiction will be **GRANTED**, plaintiff's motion to strike or quash **DENIED**, and the above-captioned case **DISMISSED WITH PREJUDICE**.

                                                  /s/
                                  ELLEN SEGAL HUVELLE
                                  United States District Judge

DATE: April 21, 2010